COHARE REALTY CO. v. STILSON.

Ohio Appeals, 8th Dist., Cuyahoga Co.

White, Cannon & Spieth, Cleveland, for Cohare Realty Co.

Reed & Hazelwood, Cleveland, for Stilson.

VICKERY, J.

**1. 708. LEASES—313. Corporations.**

Lease executed by corporation, by its managing officer, held not defectively executed because of fact that it was so executed.

**2. 480. EVIDENCE—703. Landlord & Tenant.**

In lessor's suit to recover rent after term because of lessee's failure to give notice that she was going to vacate, trial court, after permitting statement of defense to be filed, erroneously excluded lease on which action was based.

**3. 480. EVIDENCE.**

In suit to recover rent after lessee's failure to give notice to vacate, admissions of defendant in first trial of case relative to execution of lease and failure to give notice to vacate, held erroneously excluded in subsequent trial after reversal.

**4. 396. DIRECTED VERDICT.**

In lessor's suit to recover rent after failure of lessee to give notice of intention to vacate, direction of verdict for defendant held erroneous under evidence and admissions in record.

(Sullivan, J., concurs.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

LUMAS v. LUMAS.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Gordon & Gordon, Cleveland, for plaintiff in error.

Jos. H. Mellen, Cleveland, for defendant in error.

VICKERY, J.

**1. 261. COMMON LAW MARRIAGE—615. Husband & Wife—413. Divorce & Alimony.**

Where parties lived together in illicit relationship before plaintiff procured divorce from her husband, it is presumed that their living together thereafter continued to be illicit, and such cohabitation shows no relation on which a common-law marriage contract may be predicated, especially in view of evidence showing their dealings with their individual property as though they were unmarried.

**2. 261. COMMON LAW MARRIAGE.**

To constitute a "common-law marriage" there must at some time have been an agreement, either express or implied, that parties would live together as husband and wife, which agreement must be followed by cohabitation. (Sullivan, PJ., and Levine, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

GRIGGS, COOPER & CO. v. U. S. PRINT. & LITHO. CO.

Ohio Appeals, 1st Dist., Hamilton Co.

Morphy, Braford & Cummins, of St. Paul, Minn., and Cobb, Howard & Bailey, Cincinnati, for Griggs, Cooper & Co.

Miller, Outcalt and W. F. Murray, Cincinnati, for U. S. Print. Co.

**1. 1181. TRADE NAMES & MARKS—639. Injunction.**

Injunctive relief for trade-mark infringement should not be limited to states to which complainant has extended its trade since ownership of trade-mark carries with it right to use the mark everywhere.

**2. 634. INFRINGEMENT.**

Where complainant used and owned trademark "Home Brand" for grocery commodities, defendant was permanently enjoined, under Trade-Mark Act, 1905, Sect. 16 (U. S. Comp. St. Sect. 9501), from printing or selling labels in which word "Home" appeared, for similar commodities sold by others, such labels constituting an infringement.

For reference to full opinion, see Omnibus Index, last page, this issue.

---

STATE ex Sipe v. SUMMIT CO. BD. ED.

Ohio Appeals.

Commins, Brouse, Englebeck & McDowell and Bruce Bierce, Akron, for State.

W. A. Spencer, Akron, for Bd. Ed.

FUNK, J.

**1065. SCHOOLS & SCHOOL DISTRICTS—747. Mandamus.**

The provisions of Sect. 4696 GC., as now in force, being mandatory in terms upon a county board of education, requiring such board to transfer territory, not in a centralized school district, from "a school district of the country school district to an exempted village, city or county school district, the territory of which is contiguous thereto," where a petition signed by 75% of the electors in the territory proposed to be transferred is filed with the county board of education of the county in which such territory is located: Held, that such territory is transferred in contemplation of law from the time of the filing of such petition with such county board of education, and a writ of mandamus will issue to compel a transfer of such territory upon the neglect or refusal of such board to do so.

(Pardee, PJ., and Washburn, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.